UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA C. LUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-08097-EMC<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; (2) GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL; AND (3) DENYING DEFENDANTS' BILL OF COSTS**<br><br>Docket Nos. 50, 52, 53 |

　　　　Plaintiff Maria Luna brought an employment discrimination suit against Defendants California Department of Corrections and Rehabilitation and California Medical Facility in Vacaville. On April 28, 2022, the Court granted Defendants' motion for summary judgment. *See* Docket No. 48. Shortly after, Defendants submitted a Bill of Costs seeking an award totaling $4335.40. Docket No. 50 at 2. Thereafter, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. Docket No. 51. Plaintiff asks the Court for leave to appeal *in forma pauperis* ("IFP") and appoint counsel. Docket Nos. 52, 53.

A.　　Motion for Leave to Appeal IFP

　　　　Individuals must pay a $505.00 filing fee to commence an appeal in the Court of Appeals. A party who is unable to pay the fees may file a motion in the district court for leave to appeal IFP with an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

1    Having evaluated Plaintiff's financial circumstances detailed in Form 4, the Court notes
2 that her expenses far outweigh her income. *See* Docket No. 52 at 2, 6.  Her only source of income
3 is child support and disability payments. *Id.*  Therefore, the Court finds that she has satisfied the
4 economic eligibility requirement to proceed IFP.

5    Next, even if an applicant meets the economic requirements for IFP status, the Court may
6 not grant an application to proceed IFP if the appeal is "not taken in good faith." 28 U.S.C. §
7 1915(a)(3).  In the absence of some evident improper motive, the applicant's good faith is
8 established by the presentation of any issue that is not plainly frivolous. *Ellis v. United States*, 356
9 U.S. 674, 674 (1958); *accord Hooker v. American Airlines*, 302 F. 3d 1091, 1092 (9th Cir. 2002).
10 In the instant case, the Court finds that Plaintiff's appeal is taken in good faith and that her claim
11 is non-frivolous.  Accordingly, the Court **GRANTS** Plaintiff's application to proceed IFP on
12 appeal.

13 B.    Motion for Appointment of Counsel

14    Concurrently with her IFP motion, Plaintiff submits a motion in which she requests that the
15 Court appoint counsel for her.  A motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1)
16 necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The
17 court may request an attorney to represent any person unable to afford counsel.").  "In other
18 words, in order to be successful, such a motion requires that the plaintiff has been determined
19 eligible to proceed IFP due to indigence." *Napper v. San Diego Cnty. Sheriff's Dep't*, No. 21-CV-
20 359 JLS (BLM), 2021 WL 2433927, at *3 (S.D. Cal. June 14, 2021).  Whether to grant a motion
21 to appoint counsel is "within the sound discretion of the trial court[.]" *Agyeman v. Corr. Corp. of*
22 *Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

23    This Court has previously appointed pro bono counsel for Plaintiff, and Plaintiff is eligible
24 to proceed IFP. *See* Docket No. 29.  As such, the Court **GRANTS** Plaintiff's motion to appoint
25 counsel.

26 C.    Bill of Costs

27    Defendants submit a Bill of Costs for an award totaling $4335.40, which Plaintiff objects.
28 Docket No 50 at 2; Docket No. 55.  Although Federal Rule of Civil Procedure 54(d)(1) creates a

presumption that costs other than attorney's fees are generally allowed to the prevailing party, it "vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citations omitted).  Some reasons for denying costs include the substantial public importance of the case, the closeness and difficulty of the issues in the case, the chilling effect on future similar actions, the plaintiff's limited financial resources, and the economic disparity between the parties.  *Id.*

"Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Id.* at 1248 (quotation marks and citation omitted).  As discussed above, Plaintiff is currently unemployed and does not have sufficient resources to pay the Bill of Costs.  Considering Plaintiff's limited financial resources and the economic disparity between the parties, Defendants' Bill of Costs is **DENIED**.

D.      Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions to appeal IFP and appoint counsel and **DENIES** Defendants' Bill of Costs.

This order disposes of Docket Nos. 50, 52, and 53.

**IT IS SO ORDERED**.

Dated: June 15, 2022

_____
EDWARD M. CHEN
United States District Judge